RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832
Telephone: 833-729-5529
Facsimile: 833-972-9546
E-mail: ray@raykimlaw.com

Attorneys for Plaintiffs
Yuanmeng Michael Wang and Donald David

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

Yuanmeng Michael Wang and Donald David, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

IC System, Inc., and Does 1-5,

Defendants.

Case No.: 8:26-cv-1303

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs Yuanmeng Michael Wang and Donald David ("Plaintiffs" or "Class Representatives"), individually and on behalf of all others similarly situated, by and through their attorneys, bring this Class Action Complaint ("Complaint") against IC System, Inc. ("IC System" or "Defendant") and allege as follows:

## SUMMARY OF ACTION

1. Plaintiffs bring this action for damages and injunctive relief resulting from the illegal actions of Defendant with respect to its unlawful credit reporting and collection activity in connection with mailbox services allegedly provided by Mailbox Forwarding, Inc. ("MBF"). Specifically, Defendant attempts to collect on debt assigned by or purchased from the purported original creditor, MBF, debt which is neither due nor owing by Plaintiffs.

2. In so doing, Defendant violated the: (i) California Consumer Credit Reporting Agencies Act ("CCRAA"); (ii) federal Fair Credit Reporting Act ("FCRA"); (iii) Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"); and (iv) federal Fair Debt Collection Practices Act ("FDCPA"). Except for the FCRA claim, Plaintiffs bring these claims against IC System on behalf of similarly situated individuals.

## THE PARTIES

3. Plaintiff Yuanmeng Michael Wang is a consumer and former customer of MBF residing in the State of California, Orange County.

4. Plaintiff Donald David is a consumer and former customer of MBF residing in the State of California, Ventura County.

5. IC System is a debt collection agency with its principal place of business in St. Paul, Minnesota. IC System is a California licensed debt collector with California Debt Collection License number 10586-99, and Nationwide Multistate Licensing System ("NMLS") identification number 937158. IC System is unlawfully attempting to collect from Plaintiffs on false debt allegedly originated by MBF and is inaccurately reporting the false debt as past due.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

6. Doe Defendants 1-5 are the other companies or individuals responsible for the inaccurate credit reporting and unlawful debt collection activity of false debt based on amounts that are not due or owing and other unlawful and unfair conduct.

## JURISDICTION AND VENUE

7. This is an action brought under 15 U.S.C. § 1692 *et seq*. of the FDCPA and 15 U.S.C. § 1681n and § 1681o of the FCRA. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

8. IC System is a debt collector licensed by the California Department of Financial Protection and Innovation and regularly conducts business in the State of California, which means personal jurisdiction is established.

9. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because Plaintiff Mr. Wang is a resident of Orange County and a substantial part of the events giving rise to his claims occurred in this district.

## STATEMENT OF FACTS

10. Third party Mailbox Forwarding, Inc. ("MBF") is a remote mailbox provider. MBF had mailboxes in Los Angeles, California ("California Mailboxes") and Pompano Beach, Florida ("Florida Mailboxes").


Mailbox Forwarding currently offers the following three mailbox addresses. You can choose to receive mail at one or more of these addresses, and can easily add or remove addresses at any time from within your account. Receiving your mail at our Grandville, MI address is included in the cost of every plan (it's our business headquarters and central mail processing facility), whereas using our CA or FL addresses costs slightly more.

| | |
|---|---|
| **2885 Sanford Ave SW #00000**<br>**Grandville, MI 49418** | Plan Fees +<br>No Extra Charges |
| **5042 Wilshire Blvd #00000**<br>**Los Angeles, CA 90036** | Plan Fees +<br>$15 / mo |
| **2637 E Atlantic Blvd #00000**<br>**Pompano Beach, FL 33062** | Plan Fees +<br>$10 / mo |

(Replace "00000" in the above addresses with the unique 5-digit box number assigned to you upon signup)

*See Mailbox Forwarding*, Mailbox Addresses, at https://www.mailboxforwarding.com/address.php (last visited on May 19, 2026).

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

11. Plaintiffs subscribed to MBF's remote mailbox services.

12. Generally, MBF charged Plaintiffs $24.95 to 29.95 per month for mailbox services.

13. Mr. Wang subscribed to MBF's California Mailbox until April 2021. Beginning in May 2021 MBF cancelled all services for its California Mailboxes.

14. Mr. David subscribed to MBF's Florida mailbox until June 2021. Beginning in June 2021 MBF cancelled all services for its Florida Mailboxes.

15. Plaintiffs paid all required fees for MBF's services through the date MBF cancelled its California and Florida Mailboxes.

16. Plaintiffs did not use or subscribe to any other mailbox from MBF.

17. After May 2021, MBF wrongfully continued to charge Mr. Wang's credit card, even though Mr. Wang did not receive any mailbox services from MBF.

18. After June 2021, MBF wrongfully continued to charge Mr. David's credit card, even though Mr. David did not receive any mailbox services from MBF.

19. MBF did not send Plaintiffs any communications about the mailboxes or wrongful charges for years.

20. On information and belief, in 2025 MBF hired IC System as its debt collection agent and/or sold Plaintiffs' and class members' accounts to IC System.

21. As a part of its collection activity, IC System inaccurately reported Plaintiffs' and class members' MBF accounts as past due and/or in collections, even though they were not past due.

22. On its website, IC System expressly states that it uses credit reporting as a part of its collection activity:

> **What happens if my past-due consumers refuse to pay IC System?** ×
>
> In addition to letters and phone calls, IC System's collection efforts include optional services such as Credit Reporting, Credit Monitoring, Non-Litigation Attorney Referral, and more. Learn more on our Programs & Rates page.

*See* IC System, *FAQ* (available at: https://www.icsystem.com/faqs/) (last visited on May 19, 2026).

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832




*See* IC System, *Debt Collection Programs and Pricing* (available at: https://www.icsystem.com/programs-rates/) (last visited on May 19, 2026).

23. IC System also inaccurately reported at Plaintiffs' MBF accounts were opened in 2025, when in fact they were opened years before and cancelled by MBF in 2021.

24. IC System reported inaccurate information about the dates the MBF accounts were opened knowingly and/or in reckless disregard of Plaintiffs' rights.

25. Class Representatives and class members were undoubtedly injured and lost time and money as a result of Defendant's unlawful, unfair, and wrongful conduct.

///

///

///

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

## CLASS ACTION ALLEGATIONS

26. Class Representatives bring this action on behalf of themselves and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the classes defined as follows (the "Classes"):

> **Nationwide FDCPA Class Of California Mailbox Customers:** All persons in the United States who subscribed to MBF's California Mailbox, were assessed charges on their MBF account after May 2021, and were subject to collection activity by IC System for those charges during the relevant statute of limitations period.
>
> **Nationwide FDCPA Class Of Florida Mailbox Customers:** All persons in the United States who subscribed to MBF's Florida Mailbox, were assessed charges on their MBF account after June 2021, and were subject to collection activity by IC System for those charges during the relevant statute of limitations period.
>
> **California Rosenthal Act Class Of California Mailbox Customers:** All persons in the State of California who subscribed to MBF's Los Angeles Mailbox, were assessed charges on their MBF account after May 2021, and were subject to collection activity by IC System for those charges during the relevant statute of limitations period.
>
> **California Rosenthal Act Class Of Florida Mailbox Customers:** All persons in the State of California who subscribed to MBF's Florida Mailbox, were assessed charges on their MBF account after June 2021, and were subject to collection activity by IC System for those charges during the relevant statute of limitations period.
>
> **California Credit Reporting Class Of California Mailbox Customers:** All persons in the State of California who subscribed to MBF's Los Angeles Mailbox, were assessed charges on their MBF account after May 2021, and IC System reported as past due or in collections for those charges during the relevant statute of limitations period.
>
> **California Credit Reporting Class Of Florida Mailbox Customers:** All persons in the State of California who subscribed to MBF's Florida Mailbox, were assessed charges on their MBF account after June 2021, and IC System reported as past due or in collections for those charges during the relevant statute of limitations period.
>
> **California Credit Reporting Class Of California Mailbox Customers:** All persons in the State of California who subscribed to MBF's Los Angeles Mailbox, and whose accounts IC System reported as being opened after May 2021 during the relevant statute of limitations period.
>
> **California Credit Reporting Class Of Florida Mailbox Customers:** All persons in the State of California who had subscribed to MBF's Florida Mailbox, and whose accounts IC System reported as being opened after June 2021 during the relevant statute of limitations period.

27. Excluded from the Classes are: (1) IC System, any entity or division in which IC System has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Class Representatives reserve the right to amend or expand the Class and Subclass definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

28. IC System's attempts to collect and report on false balances for a mailbox service that the original creditor, MBF, had cancelled harmed Class Representatives and members of the Classes.

29. Common questions of fact and law exist as to all members of the Classes, which predominate over any questions affecting only Class Representatives or individual members of the Class. These common legal and factual questions, which do not vary between the class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a) Whether, within the applicable statute of limitations periods, Defendant attempted to collect on charges for the California Mailboxes that were assessed after May 2021;

b) Whether, within the applicable statute of limitations periods, Defendant attempted to collect on charges for the Florida Mailboxes that were assessed after June 2021;

c) Whether, within the applicable statute of limitations periods, Defendant reported on charges for the California Mailbox that were assessed after May 2021;

d) Whether, within the applicable statute of limitations periods, Defendant reported on charges for the Florida Mailbox that were assessed after June 2021;

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

e) Whether, within the applicable statute of limitations periods, Defendant reported the California Mailbox accounts were opened after May 2021;

f) Whether, within the applicable statute of limitations periods, Defendant reported the Florida Mailbox accounts were opened after June 2021;

g) Whether Class Representatives and the class members were damaged thereby, and the extent of damages for such violation;

h) Whether such conduct is unlawful, unfair or fraudulent; and

i) Whether Defendant is still engaging in the misconduct and should be enjoined from engaging in such conduct in the future.

30. As persons who were wrongfully collected and reported on by IC System for mailbox subscription services they did not receive, Class Representatives are asserting claims that are typical of the Classes. Class Representatives and all members of the Classes sustained damages arising out of Defendant's common course of conduct complained herein.

31. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Classes is currently unknown to Class Representatives at this time; however, on information and belief, Defendant wrongfully attempted to collect on and reported on hundreds of former mailbox subscribers during the applicable statute of limitations periods, and it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action is a superior method to individual actions and will provide substantial benefits to the parties and the Court.

32. Class Representatives will fairly and adequately protect the interests of the members of the Classes because Class Representatives have no interests which are adverse to the interest of absent class members and will vigorously represent absent

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

class members, and because Class Representatives have retained counsel who possess significant class action litigation experience regarding alleged violations of consumer statutes.

33. A class action is superior to other available methods of fair and efficient adjudication of this controversy because individual litigation of each of the claims of the members of the Classes is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

34. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

35. Defendant has acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

## **FIRST CAUSE OF ACTION**

### **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

### **California Civil Code §1788, *et seq*.**

### **(On Behalf Of Plaintiffs And The California Rosenthal Act Classes)**

36. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

37. IC System is a debt collector under the Rosenthal Act. IC System is a licensed debt collector with the California DFPI. IC System in the ordinary course of business, regularly engages in debt collection by seeking to collect on consumer debt acquired on credit for primarily for personal, family, or household purposes.

38. IC System attempted to collect consumer debt in connection with alleged mailbox services provided by MBF, which MBF did not provide. The charges and balance claimed by MBF is false and not due or owing.

39. Plaintiffs are "debtors" within the meaning of the Rosenthal Act. IC System seeks to collect consumer debt from Plaintiffs in the form of alleged past due debt for mailbox services which Plaintiffs do not owe.

40. IC System's acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to the violations of Section 1788.17.

41. IC System violated California Civil Code section 1788.17 (via incorporation of 15 U.S.C. §§ 1692e and 1692f), by making false, deceptive and/or misleading representations in an attempt to collect on debts that were not due or owing and not collectable. The alleged debt IC System attempted to collect was based on charges MBF assessed after it had closed the California and Florida Mailboxes. In addition, the alleged debt IC System attempted to collect was more than the four years old.

42. As a result of IC System's violations, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

**<u>SECOND CAUSE OF ACTION</u>**

**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 *et seq*.**

**(On Behalf Of Plaintiffs And The Nationwide FDCPA Classes)**

43. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

44. IC System is a “debt collector” under the FDCPA.

45. Plaintiffs are “consumers” within the meaning of the FDCPA.

46. Collector’s acts and omissions constitute violations of the FDCPA, including but not limited to the violations of sections 1692e and 1692f.

47. Collector violated 15 U.S.C. §§ 1692e and 1692f by making false, deceptive and/or misleading representations in an attempt to collect on debts that were not due or owing and not collectable. The alleged debt IC System attempted to collect was based on charges MBF assessed after it had closed the California and Florida Mailboxes. In addition, the alleged debt IC System attempted to collect was more than the four years old.

48. IC System’s conduct has caused Plaintiffs stress, anxiety, loss of sleep and time, embarrassment and grief.

49. As a result of IC System’s willful, knowing, and reckless violations, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney’s fees, and costs.

## THIRD CAUSE OF ACTION

## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## California Civil Code §1785.25(a)

**(On Behalf Of Plaintiffs And The California Credit Reporting Classes )**

50. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

51. As the furnisher of information to credit reporting agencies, IC System is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Section 1785.25(a) of the CCRAA.

52. IC System reported Plaintiffs’ alleged debts as past due and/or in collections even though the MBF accounts were not past due and could not have been

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

past due because they were based on charges that were assessed after the California and Florida Mailboxes had been closed by MBF in May and June 2021, respectively.

53. In an attempt to justify the false reporting, IC System also reported Plaintiffs and Class members' California and Florida Mailbox accounts as having been opened in 2025, even though they were opened several years prior.

54. IC System has violated its obligations under Section 1785.25(a) of the CCRAA by reporting false information that the Mailbox accounts are past due or in collections, when in fact there is no amount owed on the accounts, and by reporting false account open dates. IC System had knowledge and was fully aware of the inaccurate reporting but still continues to report the accounts as past due.

55. Every month that IC System continued to inaccurately report a past due payment is a separate and distinct action of furnishing credit reporting information, and is therefore a separate and distinct violation of California Civil Code § 1785.25(a).

56. Such false and inaccurate reporting has caused Plaintiffs actual damages as set forth in the Statement of Facts, including emotional distress, loss of sleep, and anxiety.

57. IC System's violations were negligent at a minimum, as a reasonable person would have known that the Mailbox account status was not accurate, factually or legally.

58. IC System's violations were also willful in that IC System acted with knowledge, intent, and such a high degree of risk of committing a legal violation that was higher than mere carelessness, because IC System received notices from credit bureaus and directly from Plaintiffs, and from class members on public online forums, that the MBF accounts were not past due but thereafter continued to report the MBF accounts as past due.

///

///

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**<u>FOURTH CAUSE OF ACTION</u>**

**FEDERAL FAIR CREDIT REPORTING ACT**

**15 U.S.C. §1681s-2(b)**

**(On Behalf Of Plaintiff Yuanmeng Michael Wang Only)**

59. Plaintiff Mr. Wang repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

60. As the furnisher of information to credit reporting agencies, IC System is and always was obligated to take the following steps upon receiving notice of a dispute by a credit reporting agency, pursuant to 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the FCRA:

> After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to

a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

61. Mr. Wang submitted written disputes containing detailed information about his payment history and the cancellation of the California Mailbox account in May 2021.

62. On information and belief, as required by the FCRA, the credit bureaus notified IC System about Mr. Wang's disputes.

63. Despite Mr. Wang's disputes, IC System repeatedly failed to update/modify/delete the inaccurate information.

64. Consequently, IC System has violated multiple provisions of 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of the dispute, and by also failing to update/modify/delete inaccurate information.

65. Mr. Wang is informed and believes that IC System's violations of §1681s-2(b) were negligent at a minimum, because a reasonable person would have simply reviewed the service history of MBF's Los Angeles Mailbox, discovered that MBF had cancelled Los Angeles Mailbox services in May 2021, and determined that the alleged debt was not due or owing, the mailbox account was opened before May 2021, and IC System's reporting on Mr. Wang's California Mailbox account was inaccurate.

66. Plaintiff is also informed and believes that IC System's violations of §1681s-2(b) were willful, in that it acted knowingly and intentionally, and also recklessly disregarded Mr. Wang's written disputes, which resulted in its verifying false and inaccurate information.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

67. As a result of these negligent and willful violations, Mr. Wang has suffered actual damages as set forth in the Statement of Facts, including serious emotional distress, anxiety and loss of sleep.

**FIFTH CAUSE OF ACTION**

**CALIFORNIA UNFAIR COMPETITION LAW**

**BUSINESS & PROFESSIONS CODE § 17200 *et seq.***

**(On Behalf Of Plaintiffs)**

68. Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

69. Class Representatives and Defendant are each "person[s]" as defined by California Business and Professions Code section 17201. California Business and Professions Code section 17204 authorizes a private right of action on both an individual and representative basis.

70. "Unfair competition" is defined by Business and Professions code section 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent business act or practice, and (4) "unfair, deceptive, untrue, or misleading advertising." The definitions in section 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

71. By and through Defendant's conduct alleged above and in further detail herein, Defendant engaged in conduct that constitutes unlawful, unfair, and/or fraudulent business practices and advertising as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

**UNLAWFUL**

72. California Business and Professions code Section 17200, *et seq.* prohibits "any unlawful…business act or practice."

73. As explained above, Defendant wrongfully attempted to collect on and reported on Plaintiffs' Mailbox accounts.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

74. Beginning in or about October 2025 and continuing through the time of this Complaint, Defendant committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by attempting to collect on and report on Plaintiffs' Mailbox accounts in an attempt to collect amounts not due or owing, in violation of the Rosenthal Act, FDCPA, and CCRAA.

75. Defendant has thus engaged in unlawful business acts entitling Class Representatives to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Class Representatives and class members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions, including deleting the Mailbox account tradelines from their credit reports.

**UNFAIR**

76. Defendant has engaged in a pattern of "unfair" business practices in violation of Bus. & Prof. Code §§ 17200, *et seq.*, seeking to collect on and report on charges for mailbox services that MBF, the original creditor, had cancelled and did not provide. Defendant misrepresents and claims there is an outstanding balance due by Plaintiffs.

77. Defendant's ongoing collection activity and wrongful credit reporting outweighs any alleged benefits attributable to such conduct; and such conduct is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers.

78. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

conduct outweighs any alleged benefit attributable to such conduct. Class Representatives reserve the right to allege further conduct which constitutes other unfair business acts or practices. On information and belief, such conduct is ongoing and continues to this date.

79. UCL cases have applied a variety of tests for what constitutes an "unfair" business practice. *See Durrell v. Sharp HealthCare*, 183 Cal. App. 4th 1350, 1365 (2010).

80. The FTC test requires a purchaser to show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to purchasers or competition; and (3) is not one that purchasers themselves could reasonably have avoided.

81. Here, as set forth above, Defendant's conduct has caused and continues to cause substantial injury to Class Representatives, which is not outweighed by any countervailing benefit to any persons or society. Class Representatives have suffered injury in fact and lost money due to Defendant's conduct by expending time (at the cost of lost income) in an attempt to remedy Defendant's wrongful conduct. Accordingly, Class Representatives were injured.

82. Another test for determining unfairness under the UCL is a balancing test as to whether the business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 887 (1999). Defendant's conduct of attempting to collect on amounts not due and reporting the amounts as past due in an effort to collect the alleged debt is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

83. The injury suffered by Class Representatives is not an injury that consumers could have reasonably avoided.

84. Thus, Defendant's conduct has violated the "unfair" prong of California Business and Professions Code § 17200.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

## PRAYER FOR RELIEF

WHEREFORE, Class Representatives, individually and on behalf of all others similarly situated, prays for judgment against IC System as follows:

A. For an order certifying this case as a class action and appointing Class Representatives and Class Representatives' counsel to represent the Classes;

B. Actual, statutory, and compensatory damages for injuries suffered by Plaintiffs;

C. Plus punitive damages of $5,000.00 for each individual violation of the CCRAA, pursuant to California Civil Code § 1785.31(a)(2)(A)-(C);

D. Plus statutory damages of $1,000.00 for each individual violation of the FCRA, pursuant to 15 U.S.C. §1681n(a)(1)(A);

E. Plus punitive damages in an amount to be determined by a jury for willful violations of the FCRA, pursuant to 15 U.S.C. §1681n(a)(2);

F. For an order that Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the claims asserted herein;

G. For an injunction and/or order requiring Defendant to immediately cease and desist from collecting on Class Representatives' and class members' California and Florida Mailbox accounts;

H. For an injunction and/or order requiring Defendant to immediately cease and desist from reporting on Class Representatives' and class members' California and Florida Mailbox accounts;

I. For an order awarding attorneys' fees and costs;

J. For an order awarding pre-judgment and post-judgment interest; and

K. For such other and further relief as this Court find just, equitable and proper, including, but not limited to, the remedy of disgorgement.

///

///

///

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Class Representatives and members of the Class are entitled to, and demand, a trial by jury.

Dated: May 26, 2026 RAY KIM LAW, APC

*/s/ Raymond Y. Kim*
Raymond Y. Kim
Attorneys for Plaintiffs
Yuanmeng Michael Yang and Donald David

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832